# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

MICHAEL LEE BUCHINO,

       Defendant-Appellant.

UNPUBLISHED
January 12, 2016

No. 323692
Kalamazoo Circuit Court
LC No. 2014-000447-FC

Before: BOONSTRA, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Defendant appeals by right his convictions of two counts of first-degree criminal sexual conduct (CSC), MCL 750.520b(1)(a) (penetration involving a person under 13). We affirm.

This case arises out of defendant's sexual assault of his nine-year-old granddaughter. While defendant and the victim were alone at defendant's home, defendant rubbed a vibrator on and into the victim's "private part" and then licked and put his tongue in her "private part." Defendant also tried to play a card game with the victim with pornographic playing cards, showed her a pornographic book, and played part of a pornographic movie. At trial, evidence of sexual assaults defendant committed against RM approximately 27 years earlier was admitted under MCL 768.27a. RM testified that when she was seven or eight years old, defendant, who was her step-father, sexually assaulted her for approximately two years, i.e., until she was 9 or 10 years old. During that time, Defendant took nude pictures of her, touched her, made her perform oral sex on him, tried to anally penetrate her, and made her anally penetrate him with a dildo.

On appeal, defendant argues that the admission of evidence of his sexual assaults of RM under MCL 768.27a was unfairly prejudicial under MRE 403 because his assaults of RM were too dissimilar to the conduct alleged by the victim. "The decision whether to admit evidence is within the trial court's discretion, which will be reversed only where there is an abuse of discretion." *People v Gursky*, 486 Mich 596, 606; 786 NW2d 579 (2010). "An abuse of discretion occurs when the trial court reaches a result that is outside the range of principled outcomes." *People v Benton*, 294 Mich App 191, 195; 817 NW2d 599 (2011). "Preliminary issues of law, including the interpretation of the rules of evidence and the effect of constitutional provisions, are reviewed de novo." *Id.*

In relevant part, MCL 768.27a provides, "in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed

-1-

another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant." MCL 768.27a. For evidence admissible under MCL 768.27a, MRE 404(b)'s general exclusion of other acts evidence relevant only to show propensity does not apply. *People v Watkins*, 491 Mich 450, 470, 476-477; 818 NW2d 296 (2012). However, "evidence admissible pursuant to MCL 768.27a may nonetheless be excluded under MRE 403 if 'its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.' " *Id*. at 481, quoting MRE 403. When considering whether to exclude MCL 768.27a evidence under MRE 403, "courts must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect." *Id* at 487. And, in considering unfair prejudice under MRE 403, a court should consider the following non-exhaustive list of factors:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Watkins*, 491 Mich at 487-488.]

The charged crimes in this case and those that defendant was convicted of regarding RM were first-degree CSC under MCL 750.520b. The crimes are a "listed offenses" under MCL 768.27a. See MCL 28.722(j); MCL 28.722(w)(iv). The crimes involved in each case were against a minor. RM's testimony was thus admissible under MCL 768.27a unless precluded under MRE 403. The first consideration under MRE 403 is the evidence's probative value. *Watkins*, 491 Mich at 487. RM's testimony demonstrated that defendant had a propensity for sexually assaulting young girls. She testified that defendant sexually assaulted her in a variety of ways over a two year period when she was under 10 years old. Defendant's willingness and desire in the past to sexually assault his step-daughter was highly probative of his propensity to sexually assault the victim in the present case. See *Watkins*, 491 Mich at 492. Further, RM's testimony was probative of the victim's credibility and rebutted defendant's attacks on the victim's credibility. The jury could be more willing to believe the victim's testimony once they heard that defendant had committed very similar acts in the past. See *id*.

Having established that the RM's testimony was highly probative, we next consider the applicable *Watkins* factors and the facts of the case as a whole to determine if RM's testimony should have been excluded as unfairly prejudicial under MRE 403. In this case, despite defendant's argument to the contrary, we find that RM's testimony regarding defendant's prior sexual assaults of her detailed conduct very similar to defendant's acts of sexual assault with the victim in this case. Both victims were girls related to defendant and were approximately the same ages at the time of the assaults, and each was assaulted in defendant's home while he was alone with her. Defendant's assaults of each girl included oral sex, the use of a sex toy, and pornography, and both girls were told not to tell their mothers. These factual similarities make RM's testimony very relevant to show that the victim was telling the truth and weigh against excluding the RM's testimony under MRE 403. Defendant does not argue on appeal that any of the other *Watkins* factors weigh in favor of exclusion of RM's testimony under MRE 403, and this Court concludes that they do not.

Therefore, the trial court did not abuse its discretion when it admitted RM's testimony into evidence under MCL 768.27a because the evidence was extremely probative of defendant's propensity to sexually assault a young relative, probative of the victim's credibility, and not unfairly prejudicial under MRE 403. MRE 403; *Watkins*, 491 Mich at 487-488.

We affirm.

/s/ Mark T. Boonstra
/s/ David H. Sawyer
/s/ Jane E. Markey